ORIGINAL

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN – 3 2008

DAVID J. ............., CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| -vs.- | § | Criminal No. 4:08cr |
| | § | Judge |
| MICHAEL GUY CARY, SR. | § | |

### FACTUAL STATEMENT

It is hereby stipulated and agreed by Defendant **MICHAEL GUY CARY, SR.**

("**CARY**") that the following facts are true and correct:

1.    **CARY** owned, operated, and controlled  Harris Pauley Corporation, a business located at 1315 N. Federal Highway in Hollywood, Florida that was involved in real estate investments.

2.    "Co-Conspirator Escrow Officer" owned, operated, and controlled RE Services, a business located at 101 W. Renner Road in Richardson, Texas that acted as a point of contact between real estate brokers, real estate agents, buyers and sellers of real estate, and  title attorneys.

3.    "Co-Conspirator Appraisers" were a real estate appraisers licensed by the state of Texas and responsible for independently appraising the value of houses that were in the sales process and submitting the independent appraisal to lending institutions so that the lending institutions could determine whether or not to fund mortgage loans.

4.      "Co-Conspirator Investors" were individuals solicited by **CARY** through multiple

national publications to invest in real estate by using their credit to qualify for and obtain

mortgage loans in exchange for payments of between $2,500 and $5,000.

5.      Argent Mortgage Company ("Argent") was a lending institution located at 2550

Golf in Rolling Meadows, Illinois, that accepted applications for and funded mortgage loans.

**Criminal Conduct**

6.      Between on or about August 10, 2004 and on or about May 20, 2006 in the

Eastern District of Texas, **CARY**, the Co-Conspirator Escrow Officer, the Co-Conspirator

Appraisers, the Co-Conspirator Investors, and other individuals both known and unknown

conspired, confederated, and agreed to devise a scheme and artifice to defraud Argent and other

lending institutions and to obtain money from Argent and other lending institutions by means of

false and fraudulent pretenses, representations, and promises, and in execution of the scheme and

artifice, to cause writings, signs, and signals to be transmitted by means of wire communication

in interstate commerce, a violation of Title 18, United States Code, Section 1343.

7.      **CARY** knowingly and intentionally arranged for the following two types of

simultaneous transactions to take place involving the sale and purchase of houses in the Eastern

District of Texas and elsewhere:

      A.      First Transaction:

           (1)     **CARY** identified or caused to be identified newly-constructed

                houses and their builders in the Eastern District of Texas and

                elsewhere and purchased or arranged to purchase these houses

                directly from the builders (e.g., Pulte Homes of Texas, Ltd.).

(2)     **CARY** knowingly and intentionally purchased or arranged to purchase these homes in the name of shell companies (e.g., "PHT Asset Management"); **CARY** used the shell companies in order to conceal his identity from the Co-Conspirator Investors and Argent and other lending institutions as a party to the transaction.

(3)     **CARY** knowingly and intentionally transferred or arranged to transfer the title of the houses from the shell companies into d/b/a names deceptively similar to the builders for the newly-constructed houses (e.g., "Pulte Homes, Inc."), **CARY** used these d/b/a names in order to make it appear to the Co-Conspirator Investors and to Argent and other lending institutions that builders still owned the houses and were selling them as new constructions.

(4)     **CARY** set up or caused to be set up bank accounts in d/b/a names deceptively similar to the builders for the newly-constructed houses that **CARY** identified (e.g., "Harris Pauley Corporation d/b/a Pulte Homes Inc.") (collectively "Deceptive Bank Accounts"); these names were in all instances similar to the legitimate builders' names and served to conceal from all parties to the transactions the true seller of the houses. **CARY** used these d/b/a names in order to make it appear to the Co-Conspirator Investors and to Argent and other lending institutions that builders still owned the houses and were selling them as new constructions.

(5)     **CARY** knowingly and intentionally directed the Co-Conspirator Appraisers to appraise the houses with fraudulently inflated values for resale purposes.

(6)     **CARY** contacted the Co-Conspirator Appraisers by means of wire communications and knowingly and intentionally directed the Co-Conspirator Appraisers to reach target prices for the houses by inflating the value of the houses by amounts ranging in value from in excess of $30,000 to almost $300,000.  **CARY** knew that this would result in false representations being made to Argent and other lending institutions and intended for this to happen.

(7)     **CARY** knowingly and intentionally provided the Co-Conspirator Appraisers with supporting documents by means of wire communication in order to falsely justify the inflated appraisal amounts.

(8)     The Co-Conspirator Appraisers knowingly and intentionally completed the appraisals and falsely inflated the values of the houses as directed by **CARY**.

(9)     The Co-Conspirator Appraisers signed and certified the false appraisals as being true and correct knowing that these representations were material and false and that they would be relied upon by Argent and the lending institutions.

(10) **CARY** and the Co-Conspirator Appraisers knowingly and intentionally caused the false appraisals to be submitted to Argent and other lending institutions by means of wire communication in order to induce Argent and other lending institutions to extend mortgage loans.

(11) Argent and the other lending institutions relied in significant part on the false appraisals conducted by the Co-Conspirator Appraisers to extend mortgage loans to the Co-Conspirator Investors; Argent and the other lending institutions extended these loans by means of a wire transaction.

(12) **CARY** knowingly and intentionally represented or caused to be represented to Argent and the lending institutions that these were new houses being sold directly by builders as opposed to those being held and sold by **CARY**-controlled business entities; **CARY** did so in order to mislead Argent and the lending institutions.

(13) **CARY** intended for Argent and other lending institutions to rely on false material information in determining whether to extend a mortgage loan.

B.   Second Transaction:

(1) Using mail and wire communications, **CARY** falsely represented to the Co-Conspirator Investors that their credit information was needed only to make the initial purchase of the houses, and that

once purchased, the titles to the houses and the applicable

mortgage loans would be transferred from the Co-Conspirator

Investors to **CARY**'s name or into the name of Harris Pauley

Corporation.  **CARY** knew such representations were false but

knowingly and intentionally made them in order to induce the Co-

Conspirator Investors participate in the scheme to defraud

(2)     Using mail and wire communications, **CARY** falsely represented

to the Co-Conspirator Investors that they would be purchasing

newly-constructed houses directly from the builders; **CARY** knew

such representations were false but knowingly and intentionally

made them in order to induce the Co-Conspirator Investors to

participate in the scheme to defraud.  **CARY** instead intended to

sell the Co-Conspirator Investors the houses that **CARY** had

previously purchased and transferred into the d/b/a names

deceptively similar to the builders for the newly-constructed

houses.

(3)     **CARY** completed or caused to be completed Uniform Residential

Loan Applications using the personal information of the Co-

Conspirator Investors as well as falsified income and/or asset

information; the Uniform Residential Loan Applications were

directed at the purchase of the houses that **CARY** had previously

purchased and transferred into the d/b/a names deceptively similar

to the builders for the newly-constructed houses. **CARY** knew that the information in the Uniform Residential Loan Application had material false statements but knowingly and intentionally made them in order to induce Argent and other lending institutions to extend mortgage loans.

(4)  **CARY** directed the Co-Conspirator Investors to sign and certify the Uniform Residential Loan Applications; **CARY** and the Co-Conspirator Investors then caused the Uniform Residential Loan Applications to be submitted to Argent and other lending institutions in order to cause Argent and other lending institutions to extend mortgage loans to the Co-Conspirator Investors for the purchase of the homes.

(5)  Argent and other lending institutions did in fact relay on the false material representations made by or at the direction of **CARY**.

8.  The Co-Conspirator Escrow Officer arranged for the transactions identified in paragraph 7 to occur simultaneously in order to ensure that Argent and the lending institutions could not determine that **CARY** – not the builders – was the actual seller of the houses to the Co-Conspirator Investors.

9.  Using mail and wire communications, the transactions were completed simultaneously at the behest of **CARY** and under the direction of the Co-Conspirator Escrow Officer as follows:

A.      The newly-constructed houses were purchased from the builder (e.g., Pulte Homes of Texas, Ltd.) in the name of the shell companies (e.g., "PHT Asset Management") in cash transactions and then transferred into deceptively similar names to the builders (e.g., "Pulte Homes, Inc.").

B.      The houses were sold to the Co-Conspirator Investors by **CARY** using the deceptively named entities (e.g., "Pulte Homes, Inc."). The Co-Conspirator Escrow Officer facilitated the transactions by transferring the money from the Co-Conspirator Investors (which was obtained as a loan from Argent and the lending institutions based on the false appraisals and the false statements regarding income and assets) to **CARY**'s Deceptive Bank Accounts (e.g., account in the name of "Harris Pauley Corporation d/b/a Pulte Homes, Inc.").

C.      The title to the home, as well as the mortgage loan, were placed in the name of the Co-Conspirator Investors.

D.      **CARY** received the bulk of the price differences between the amounts that **CARY** paid to purchase the houses from the builders and the amounts corresponding to the inflated appraisals based on which **CARY** sold the houses to the Co-Conspirator Investors.

10.      **CARY** never transferred the title and mortgage into his name or the name of Harris Pauley Corporation despite his representations to the contrary, and the Co-Conspirator Investors were unaware that the titles to the houses and the mortgages remained in their names.

11.     **CARY** paid the Co-Conspirator Investors for their role in obtaining the mortgage loans.

12.     **CARY** paid the Co-Conspirator Appraisers for their role in performing the false appraisals.

13.     **CARY** leased the homes to other individuals and collected rental payments from these individuals.

14.     Argent did not receive payments on the mortgage loans from **CARY** or from the Co-Conspirator Investors and thereby suffered losses.

15.     Despite having the houses as collateral for the mortgage loans, Argent did not recoup the value of the mortgage loans it had extended because the appraisals had been inflated; Argent thereby suffered losses.

16.     In furtherance of the conspiracy and to effect its objects and purposes, **CARY**, the Co-Conspirator Escrow Officer, the Co-Conspirator Appraisers, the Co-Conspirator Investors, and other individuals both known and unknown knowingly and intentionally committed, among others, the following acts:

      A.     For a house at 1118 Silverhorn in Frisco, Texas, in the Eastern District of Texas:

            (1)     On or about September 29, 2004, **CARY** directed a Co-Conspirator Appraiser to conduct a false appraisal.

            (2)     On or about September 29, 2004, a Co-Conspirator Appraiser completed and signed a false appraisal reflecting a fraudulent inflation of $70,000.

(3)    On or about October 6, 2004, a Co-Conspirator Appraiser caused the false appraisal to be sent by wire communication, to wit, electronic mail, from McKinney, Texas in the Eastern District of Texas to Argent in Rolling Meadows, Illinois.

(4)    On or about October 24, 2004, based in part on the false appraisal submitted by a Co-Conspirator Appraiser and instructions that **CARY** caused to be provided to Argent, Argent disbursed approximately $315,000 by means of wire transaction to the Co-Conspirator Escrow Officer for payment to **CARY**.

B.    For a house at 2230 Jaguar in Frisco, Texas, in the Eastern District of Texas:

(1)    On or before May 23, 2005, **CARY** directed a Co-Conspirator Appraiser to conduct a false appraisal.

(2)    On or before May 23, 2005, a Co-Conspirator Appraiser completed and signed a false appraisal reflecting a fraudulent inflation of $95,722.

(3)    On or before May 23, 2005, a Co-Conspirator Appraiser caused the false appraisal to be sent by wire communication, to wit, electronic mail, from McKinney, Texas in the Eastern District of Texas to Argent in Rolling Meadows, Illinois.

(4)    On or about June 16, 2005, based in part on the false appraisal submitted by a Co-Conspirator Appraiser and instructions that

**CARY** caused to be provided to Argent, Argent disbursed approximately $300,000 by means of wire transaction to the Co-Conspirator Escrow Officer for payment to **CARY**.

17.   The following is a summary of the houses for which **CARY**, the Co-Conspirator Escrow Officer, the Co-Conspirator Appraisers, the Co-Conspirator Investors, and other individuals both known and unknown submitted materially false information and caused a loss to a lending institution; the loss to the lending institution, where known, represents the difference between **CARY**'s initial purchase price and the false appraisal amount less any down payment paid to the lending institutions:

| On or About: | Property Address in Texas | | CARY Purchase Price | CARY Down Payment | CARY Sale Amount | Loss to Lender |
|---|---|---|---|---|---|---|
| 4/1/2004 | 7105 Grand Hollow | Plano | ($373,855.60) | ($62,646.15) | $553,775.29 | $117,273.54 |
| 4/1/2004 | 6628 Shadow Rock | Plano | ($360,349.60) | ($62,646.15) | $553,761.29 | $130,765.54 |
| 4/23/2004 | 1905 Abilene Way | McKinney | ($254,097.05) | ($34,120.76) | $300,566.66 | $12,348.85 |
| 4/26/2004 | 4100 Rocky Bend | Corinth | ($206,102.21) | ($31,480.56) | $257,742.16 | $20,159.39 |
| 4/26/2004 | 4211 Creek Hill | Corinth | ($206,229.67) | ($29,975.03) | $257,944.62 | $21,739.92 |
| 4/28/2004 | 7105 Falling Water | Plano | ($326,468.14) | ($46,660.39) | $426,408.09 | $53,279.56 |
| 4/29/2004 | 4005 Windy Meadow | Corinth | ($237,846.28) | ($35,830.19) | $317,103.44 | $43,426.97 |
| 4/29/2004 | 7108 Whisperfield | Plano | ($330,808.08) | ($47,209.31) | $426,493.85 | $48,476.46 |
| 5/7/2004 | 7101 Falling Water | Plano | ($397,548.51) | ($63,509.15) | $555,582.66 | $94,525.00 |
| 5/12/2004 | 4701 Paxton | Frisco | ($536,315.80) | ($158,579.79) | $744,872.95 | $49,977.36 |
| 6/1/2004 | 4300 Landsdowne | McKinney | ($349,180.98) | ($43,619.89) | $422,594.93 | $29,794.06 |
| 6/1/2004 | 11923 Cape Royal | Frisco | ($260,702.67) | ($39,318.87) | $381,428.42 | $81,406.88 |
| 6/3/2004 | 11057 Silverhorn | Frisco | ($222,646.64) | ($18,883.24) | $357,360.98 | $115,831.10 |
| 6/7/2004 | 11935 Cape Royal | Frisco | ($260,105.21) | ($41,699.60) | $384,321.13 | $82,516.32 |
| 6/9/2004 | 2008 Mereta | McKinney | ($260,353.03) | ($40,860.49) | $321,418.67 | $20,205.15 |
| 6/24/2004 | 11241 La Cantera | Frisco | ($254,911.24) | ($41,532.13) | $384,947.66 | $88,504.29 |
| 7/13/2004 | 3620 Lindale | McKinney | ($171,592.19) | ($22,427.34) | $194,728.19 | $708.66 |
| 7/13/2004 | 3505 Lindale | McKinney | ($175,485.19) | ($23,735.36) | $201,710.13 | $2,489.58 |
| 7/22/2004 | 6629 Shady Point | Plano | ($382,412.58) | ($47,106.71) | $442,583.00 | $13,063.71 |
| 7/22/2004 | 11481 La Cantera | Frisco | ($254,776.99) | ($44,617.33) | $386,518.41 | $87,124.09 |
| 7/27/2004 | 3805 Lindale | McKinney | ($171,590.73) | ($21,776.74) | $194,496.34 | $1,128.87 |
| 7/27/2004 | 3508 Lindale | McKinney | ($190,430.59) | ($12,068.73) | $209,245.42 | $6,746.10 |
| 7/28/2004 | 3616 Lindale | McKinney | ($188,239.70) | ($24,492.46) | $205,534.82 | ($7,197.34) |
| 7/28/2004 | 1912 Chessington | McKinney | ($193,939.70) | ($24,042.01) | $223,899.31 | $5,917.60 |
| 7/28/2004 | 3612 Cockrill | McKinney | ($198,879.70) | ($28,204.10) | $262,645.31 | $35,561.51 |
| 7/30/2004 | 3704 Lindale | McKinney | ($179,689.70) | ($25,383.11) | $217,790.98 | $12,718.17 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 8/2/2004 | 11258 La Cantera | Frisco | ($253,000.00) | ($42,085.11) | $367,093.29 | $72,008.18 |
| 8/9/2004 | 6609 Terrace Mill | Frisco | ($370,227.72) | ($47,722.23) | $473,638.14 | $55,688.19 |
| 8/11/2004 | 7550 Creekmere | Frisco | ($209,069.97) | ($26,816.49) | $244,521.34 | $8,634.88 |
| 8/12/2004 | 3700 Lindale | McKinney | ($231,538.65) | ($12,473.87) | $259,261.52 | $15,249.00 |
| 10/20/2004 | 2402 Mallory | Corinth | ($171,305.62) | ($23,505.02) | $206,712.88 | $11,902.24 |
| 10/20/2004 | 3113 Juneau | Corinth | ($171,305.62) | ($23,376.02) | $206,712.88 | $12,031.24 |
| 10/20/2004 | 3210 Juneau | Corinth | ($176,105.53) | ($26,349.84) | $231,724.59 | $29,269.22 |
| 10/21/2004 | 11082 Downbrook | Frisco | ($198,726.06) | ($31,763.39) | $281,617.67 | $51,128.22 |
| 10/22/2004 | 3203 Juneau | Corinth | ($166,805.79) | ($28,943.74) | $206,878.05 | $11,128.52 |
| 10/22/2004 | 2413 Thorntree | Frisco | ($258,731.66) | ($39,668.86) | $356,277.08 | $57,876.56 |
| 10/25/2004 | 11226 La Cantera | Frisco | ($252,514.81) | ($44,103.05) | $378,894.03 | $82,276.17 |
| 10/27/2004 | 974 Shiprock | Frisco | ($184,221.07) | ($28,943.74) | $258,731.40 | $45,566.59 |
| 10/28/2004 | 11118 Silverhorn | Frisco | ($245,702.45) | ($34,410.83) | $311,499.87 | $31,386.59 |
| 10/29/2004 | 11068 Downbrook | Frisco | ($195,608.59) | ($29,595.79) | $258,698.20 | $33,493.82 |
| 11/1/2004 | 3409 Cockrill | McKinney | ($202,495.51) | ($29,205.19) | $240,788.12 | $9,087.42 |
| 11/1/2004 | 11033 Downbrook | Frisco | ($195,607.26) | ($29,700.31) | $259,690.87 | $34,383.30 |
| 11/1/2004 | 11054 Downbrook | Frisco | ($202,495.51) | ($34,276.77) | $278,588.82 | $41,816.54 |
| 11/15/2004 | 2501 Del Largo | Frisco | ($226,640.13) | ($32,863.30) | $277,313.92 | $17,810.49 |
| 11/18/2004 | 1756 Vermont | Allen | ($328,157.49) | ($50,875.65) | $420,486.37 | $41,453.23 |
| 11/30/2004 | 2102 Glen Manor | Corinth | ($219,365.67) | ($37,873.11) | $319,495.09 | $62,256.31 |
| 12/2/2004 | 2015 Glen Manor | Corinth | ($193,175.66) | ($29,463.02) | $257,780.67 | $35,141.99 |
| 12/2/2004 | 3505 Navarro | Frisco | ($216,472.53) | ($32,281.45) | $286,465.06 | $37,711.08 |
| 12/3/2004 | 2105 Glen Manor | Corinth | ($193,175.68) | ($29,430.40) | $257,738.10 | $35,132.02 |
| 12/3/2004 | 3489 Navarro | Frisco | ($212,473.18) | ($32,461.64) | $288,313.48 | $43,378.66 |
| 12/6/2004 | 2113 Glen Manor | Corinth | ($189,215.71) | ($28,287.98) | $247,794.60 | $30,290.91 |
| 12/6/2004 | 2110 Glen Manor | Corinth | ($219,365.67) | ($35,633.61) | $317,430.66 | $62,431.38 |
| 12/10/2004 | 3425 Navarro | Frisco | ($213,465.93) | ($34,598.64) | $283,939.17 | $35,874.60 |
| 12/20/2004 | 2325 Aspermont | Frisco | ($238,900.19) | ($48,305.54) | $354,244.46 | $67,038.73 |
| 12/28/2004 | 4010 Waverly | Corinth | ($219,310.65) | ($35,921.73) | $317,386.29 | $62,153.91 |
| 2/7/2005 | 14525 Crystal Lake | Little Elm | ($171,122.73) | ($37,057.99) | $258,691.99 | $50,511.27 |
| 2/7/2005 | 14536 Little Anne | Little Elm | ($171,122.73) | ($37,030.99) | $258,691.99 | $50,538.27 |
| 2/23/2005 | 1004 Sahallee | Frisco | ($220,649.91) | ($48,934.40) | $328,280.22 | $58,695.91 |
| 2/23/2005 | 1200 Talley | Frisco | ($213,699.91) | ($44,526.32) | $328,266.99 | $70,040.76 |
| 2/23/2005 | 1019 Colleton | Frisco | ($211,750.91) | ($44,213.94) | $328,168.65 | $72,203.80 |
| 2/24/2005 | 6905 Cabbot | Plano | ($292,113.49) | ($52,734.99) | $470,035.61 | $125,187.13 |
| 2/28/2005 | 4003 Windy Meadow | Corinth | ($195,549.85) | ($36,056.34) | $259,615.58 | $28,009.39 |
| 3/1/2005 | 2007 Glen Manor | Corinth | ($220,549.84) | ($41,289.73) | $300,540.47 | $38,700.90 |
| 4/4/2005 | 701 Williams | Allen | ($385,485.60) | ($59,867.30) | $463,111.35 | $17,758.45 |
| 4/26/2005 | 2101 Glen Manor | Corinth | ($206,046.94) | ($28,263.66) | $263,221.48 | $28,910.88 |
| 4/27/2005 | 4100 Waverly | Corinth | ($176,047.02) | ($27,299.37) | $251,814.46 | $48,468.07 |
| 5/9/2005 | 14508 Little Anne | Little Elm | ($181,019.74) | ($37,299.32) | $266,698.98 | $48,379.92 |
| 5/25/2005 | 14521 Little Anne | Little Elm | ($180,967.71) | ($37,175.26) | $266,892.65 | $48,749.68 |
| 5/31/2005 | 7025 Autumnwood | Plano | ($328,484.89) | ($63,555.50) | $509,002.14 | $116,961.75 |
| 6/17/2005 | 2266 Jaguar | Frisco | ($204,327.33) | ($33,075.93) | $290,712.38 | $53,309.12 |
| 6/17/2005 | 2230 Jaguar | Frisco | ($204,277.82) | ($33,075.93) | $290,712.38 | $53,358.63 |
| 6/29/2005 | 4105 Waverly | Corinth | ($201,364.19) | ($34,317.05) | $261,061.65 | $25,380.41 |
| 6/29/2005 | 4106 Waverly | Corinth | ($216,364.19) | ($36,502.61) | $278,754.11 | $25,887.31 |
| 7/28/2005 | 7029 Autumnwood | Plano | ($280,872.47) | ($119,560.03) | $465,626.47 | $65,193.97 |

| 8/8/2005 | 6901 Medallion | Plano | ($348,961.06) | ($127,019.16) | $587,779.39 | $111,799.17 |
|---|---|---|---|---|---|---|
| 8/30/2005 | 934 Falcon | Murphy | ($276,024.11) | ($100,527.72) | $411,535.93 | $34,984.10 |
| 9/7/2005 | 935 Blue Jay | Murphy | ($275,914.83) | ($104,656.86) | $416,588.66 | $36,016.97 |
| 9/29/2005 | 5521 Post Ridge | Ft. Worth | ($171,290.58) | ($52,814.35) | $278,961.08 | $54,856.15 |
| 10/3/2005 | 817 Rushmore | Allen | ($243,785.78) | ($91,304.93) | $395,804.60 | $60,713.89 |
| 11/17/2005 | 370 Parkvillage | Fairview | ($282,774.16) | ($126,441.61) | $539,459.27 | $130,243.50 |
| 11/28/2005 | 385 Fairlanding | Fairview | ($292,127.09) | ($131,022.40) | $560,903.50 | $137,754.01 |
| 12/1/2005 | 11954 Singing Brook | Frisco | ($237,155.16) | ($92,416.67) | $396,550.50 | $66,978.67 |
| 12/20/2005 | 15561 Durango | Frisco | ($237,125.80) | ($97,556.49) | $396,947.80 | $62,265.51 |
| 12/27/2005 | 11835 Singing Brook | Frisco | ($236,343.56) | ($92,742.63) | $397,116.80 | $68,030.61 |
| 1/3/2006 | 12556 Littlefield | Frisco | ($237,204.71) | ($96,337.68) | $414,900.50 | $81,358.11 |
| 1/5/2006 | 11851 Singing Brook | Frisco | ($236,889.31) | ($96,972.96) | $397,004.50 | $63,142.23 |
| 1/6/2006 | 15672 Palo Pinto | Frisco | ($237,189.61) | ($93,745.56) | $396,939.50 | $66,004.33 |
| 1/6/2006 | 15698 Palo Pinto | Frisco | ($237,095.79) | ($92,766.55) | $397,052.42 | $67,190.08 |
| 1/19/2006 | 11923 Tyler | Frisco | ($237,433.16) | ($96,847.13) | $414,861.00 | $80,580.71 |
| 1/23/2006 | 1252 Pelican | Frisco | ($237,289.88) | ($110,904.56) | $473,541.00 | $125,346.56 |
| 1/24/2006 | 12002 Yoakum | Frisco | ($237,433.17) | ($96,348.10) | $414,793.03 | $81,011.76 |
| 1/27/2006 | 11799 Stephenville | Frisco | ($237,433.16) | ($98,245.37) | $414,860.58 | $79,182.05 |
| 1/31/2006 | 12055 Stephenville | Frisco | ($237,298.98) | ($99,212.01) | $414,727.34 | $78,216.35 |
| 2/7/2006 | 1152 Pelican | Frisco | ($237,202.20) | ($110,615.29) | $473,649.64 | $125,832.15 |
| 2/8/2006 | 1134 Pelican | Frisco | ($237,184.65) | ($108,300.91) | $473,573.41 | $128,087.85 |
| 2/16/2006 | 12074 Yoakum | Frisco | ($237,134.99) | ($96,905.93) | $414,629.30 | $80,588.38 |
| 3/1/2006 | 11775 Stephenville | Frisco | ($237,334.05) | ($97,621.67) | $414,571.51 | $79,615.79 |
| 3/22/2006 | 13712 Valley Mills | Frisco | ($196,103.50) | ($74,850.71) | $315,940.51 | $44,986.30 |
| 3/31/2006 | 13748 Valley Mills | Frisco | ($196,088.69) | ($74,242.37) | $317,207.08 | $46,876.02 |
| 4/4/2006 | 11946 Yoakum | Frisco | ($237,433.16) | ($95,743.60) | $414,626.65 | $81,449.89 |
| 4/5/2006 | 2442 Mackinac | Frisco | ($196,088.61) | ($73,424.77) | $317,235.41 | $47,722.03 |
| 4/18/2006 | 12004 Stephenville | Frisco | ($237,079.04) | ($98,818.35) | $406,952.00 | $71,054.61 |
| 7/11/2006 | 1611 Lake Eden | Euless | ($216,010.89) | ($47,986.48) | $311,328.72 | $47,331.35 |
| 7/11/2006 | 1610 Lake Eden | Euless | ($215,894.03) | ($47,867.71) | $311,219.95 | $47,458.21 |
| unknown | 1712 Lakeshore | Euless | ($227,733.66) | ($78,579.07) | $341,246.75 | $34,934.02 |
| unknown | 15835 Ducote | Frisco | ($236,818.51) | ($92,957.41) | $396,905.41 | $67,129.49 |
| unknown | 12006 Kingsville | Frisco | ($237,338.50) | ($99,324.13) | $414,575.44 | $77,912.81 |
| unknown | 12025 Tyler | Frisco | ($237,180.49) | ($98,576.45) | $414,861.00 | $79,104.06 |
| unknown | 367 Parkvillage | Fairview | ($301,737.19) | ($121,031.54) | $536,194.00 | $113,425.27 |
| unknown | 353 Benton | Fairview | ($253,765.76) | ($67,200.23) | $506,347.30 | $185,381.31 |

18.    For the houses identified in paragraph seventeen (17), lending institutions

incurred a minimum of $6,172,901.25  in losses resulting from the scheme to defraud.

19.     **CARY** also conducted the scheme to defraud as described in the Information and
this Factual Statement with respect to the following homes, causing losses to the lending
institutions:

| Property Address | City, State |
|---|---|
| 1005 Colleton | Frisco, TX |
| 1035 Talley | Frisco, TX |
| 1052 Pelican | Frisco, TX |
| 1070 Pelican | Frisco, TX |
| 1092 Talley | Frisco, TX |
| 1098 Pelican | Frisco, TX |
| 11 Shadow Ridge | Frisco, TX |
| 11007 Sonterra | Frisco, TX |
| 11026 La Cantera | Frisco, TX |
| 11098 Downbrook | Frisco, TX |
| 1116 Pelican | Frisco, TX |
| 1121 Henson | Unknown |
| 11425 Crystal Lake | Little Elm, TX |
| 1147 Resaca | Frisco, TX |
| 1164 Talley | Frisco, TX |
| 1183 Resaca | Frisco, TX |
| 11899 Cape Royal | Frisco, TX |
| 11906 Yoakum | Frisco, TX |
| 11922 Cape Royal | Frisco, TX |
| 11971 Cape Royal | Frisco, TX |
| 11974 Kingsville | Frisco, TX |
| 11977 Tyler | Frisco, TX |
| 12054 Kingsville | Frisco, TX |
| 12076 Stephenville | Frisco, TX |
| 1219 Resaca | Frisco, TX |
| 1325 Pelham | Unknown |
| 13572 Valley Mills | Frisco, TX |
| 1371 Scarboro | Rockwall, TX |
| 1436 Rio Grande | Allen, TX |
| 1505 Greenbriar | Allen, TX |
| 1544 Kingfisher | Frisco, TX |
| 15695 Palo Pinto | Frisco, TX |
| 15863 Scenic | Frisco, TX |
| 1593 Kingfisher | Frisco, TX |
| 1617 Kingfisher | Frisco, TX |
| 1703 Lake Eden | Euless, TX |
| 1717 Chessington | McKinney, TX |
| 1800 Creek Bend | Corinth, TX |
| 1921 Creek Bend | Corinth, TX |
| 2028 Sleepy Hollow | Frisco, TX |

| | |
|---|---|
| 2072 Sleepy Hollow | Frisco, TX |
| 2092 Sleepy Hollow | Frisco, TX |
| 2106 Glen Manor | Corinth, TX |
| 2148 Sleepy Hollow | Frisco, TX |
| 2194 Jaguar | Frisco, TX |
| 2216 Frio | Keller, TX |
| 2232 Fountain Glen | Frisco, TX |
| 2497 Thorntree | Frisco, TX |
| 2538 Lockhaven | Frisco, TX |
| 26751 Baker | Unknown |
| 3008 Prestonwood | Plano, TX |
| 3504 Cockrill | McKinney, TX |
| 3516 Cockrill | McKinney, TX |
| 3520 Lindale | McKinney, TX |
| 3561 Navarro | Frisco, TX |
| 357 Spring Meadow | Fairview, TX |
| 360 Spring Meadow | Fairview, TX |
| 3600 Cockrill | McKinney, TX |
| 361 Spring Meadow | Fairview, TX |
| 3713 Lindale | McKinney, TX |
| 373 Parkvillage | Fairview, TX |
| 377 Spring Meadow | Fairview, TX |
| 378 Fairlanding | Fairview, TX |
| 380 Parkvillage | Fairview, TX |
| 3800 Maverick | McKinney, TX |
| 3801 Lindale | McKinney, TX |
| 3810 Marchwood | Unknown |
| 382 Spring Meadow | Fairview, TX |
| 3900 Cockrill | McKinney, TX |
| 4104 Rocky Bend | Corinth, TX |
| 41096 Yoakum | Frisco, TX |
| 4111 Creek Hill | Corinth, TX |
| 4200 Creek Falls | Corinth, TX |
| 4324 Windswept | Grapevine, TX |
| 4610 Waverly | Corinth, TX |
| 4722 Coyote | Dallas, TX |
| 4726 Coyote | Dallas, TX |
| 4730 Coyote | Dallas, TX |
| 4734 Coyote | Dallas, TX |
| 4738 Coyote | Dallas, TX |
| 5284 Quail Run | Frisco, TX |
| 5567 Emerson | Fairview, TX |
| 5575 Emerson | Fairview, TX |
| 5587 Jameson Crossing | Fairview, TX |
| 5595 Jameson Crossing | Fairview, TX |
| 5606 Emerson | Fairview, TX |
| 5607 Emerson | Fairview, TX |
| 5611 Emerson | Fairview, TX |

| 5917 Sicilian | Plano, TX |
|---|---|
| 614 Goliad | Keller, TX |
| 614 Roanoke | Allen, TX |
| 638 Cabernet | McKinney, TX |
| 6601 Terrace Mill | Frisco, TX |
| 6605 Terrace Mill | Frisco, TX |
| 6613 Terrace Mill | Frisco, TX |
| 6816 Hawks Nest | Dallas, TX |
| 6820 Hawks Nest | Dallas, TX |
| 7009 Fullerton | Plano, TX |
| 703 Williams | Allen, TX |
| 9214 Commonwealth | Frisco, TX |
| 9225 Prestwick | Frisco, TX |

## Concealment of Illegal Proceeds and Promotion of the Criminal Enterprise

20.     **CARY** knowingly and intentionally took most if not all of the proceeds that he

fraudulently obtained from the investors and transmitted them by wire communication through

several bank accounts in order to conceal their nature, location, source, ownership, and control.

21.     **CARY** also knowingly and intentionally used some the proceeds that he

fraudulently obtained from the investors to conceal and promote his criminal enterprise and

obtain more funds from more investors.

22.     The following transaction is representative of the efforts that **CARY** undertook in

order to conceal the nature, location, source, ownership, and control of the funds that he

fraudulently obtained from the investors:

A.     On or about March 29, 2004, **CARY**, through American Title in the

Eastern District of Texas, directed Ameriquest Mortgage Company to wire $509,043.45 to the

American Title escrow account numbered 86947900 held at Compass Bank ("Compass Escrow

Account") for the purchase of a house located at 7105 Grand Hollow in Frisco, Texas in the

Eastern District of Texas by a Co-Conspirator Investor from **CARY** using the deceptively named

"Weekley Homes, Inc."

B.     On or about March 30, 2004, **CARY** caused Harris Pauley Corporation to wire $62,646.15 from Bank of America account number 4780530812 to the Compass Escrow Account representing the down payment on the house located at 7105 Grand Hollow in Frisco, Texas in the Eastern District of Texas.  **CARY** also caused the Co-Conspirator Escrow Officer to provide writing instructions originating from the Eastern District of Texas to Compass Bank directing Compass Bank to wire $553,775.29 from the Compass Escrow Account to Harris Pauley Corporation d/b/a Weekley Homes, Inc. at Bank of America bearing account number 4780647608.

C.     On or about April 1, 2004, **CARY** directed a wire payment of $373,855.60 to RE Services' Bank of Texas account numbers 2891020657 for the initial purchase of the house located at 7105 Grand Hollow in Frisco, Texas directly from the builder.

D.     On or about April 1, 2004, **CARY** caused amounts of $99,999.99 and $99,000.00 to be transferred from the Harris Pauley Corporation d/b/a Weekley Homes, Inc. Bank account at Bank of America bearing account number 4780647608 to the Harris Pauley bank account at Bank of America bearing account number 4780657973.

## SIGNATURE AND ACKNOWLEDGMENT BY
## DEFENDANT MICHAEL GUY CARY, SR.

I have read this Factual Statement and have discussed it with my attorney.  I fully understand the contents of this Factual Statement and agree without reservation that it accurately describes my acts.

Dated:  4/30/08

MICHAEL GUY CARY, SR.
Defendant

## SIGNATURE AND ACKNOWLEDGMENT BY ATTORNEY FOR DEFENDANT

I have read this Factual Statement and the Information and have reviewed them with my client.  Based upon my discussions with my client, I am satisfied that my client fully understands the Factual Statement.

Dated:  5/6/08

MICHAEL J. UHL
Attorney for Defendant